## DEAUVILLE CORPORATION v. GARDEN SUBURBS GOLF & COUNTRY CLUB, Inc.

### No. 12039.

Circuit Court of Appeals, Fifth Circuit.

Jan. 8, 1948.

For former opinion, see 164 F.2d 430.

Charles Danton and James Lathero, both of Miami Beach, Fla., R. H. Ferrell, of Miami, Fla., and Samuel H. Rubin, of Detroit, Mich., for appellant.

**432**

A. Frank Katzentine, Alonzo Wilder and W. Sanders Gramling, all of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM. The motion filed by appellant asks us (1) to reverse the judgment appealed from and give it possession of the leased property; or (2) to affirm the judgment as rendered; or (3) to strike from our opinion the last two pages as being dictum and tending to confuse other litigation between the parties.

We cannot do the first, because for the reasons already given appellant is not entitled to a statutory eviction; nor to a recovery of possession under the general powers of the court for a breach of the lease until the amount of rent due is ascertained and a reasonable opportunity given to pay it.

We cannot do the second, because the final judgment rendered was one dismissing the whole case, with no one moving the court to do that. If appellant does not wish to use this case to ascertain the rents due, it may of course dismiss its petition, but this would not defeat the cross relief sought by appellee before dismissal. The case made by the pleadings as a whole in our opinion deserves a trial.

As to the third request, the portion of the opinion objected to is not mere dictum. It is true that we decide only two points: that appellant's motion for summary judgment was properly denied, and that the case as a whole ought not to be dismissed but tried. The remainder gives the reasons especially for the second ruling, pointing out some of the questions for trial, including those presented by the equitable amendment of the answer and the cross relief prayed. The record before us does not contain the pleadings in the case decided by the Supreme Court of Florida, nor in the case referred to by the district judge as pending before him and which we suggested might profitably be consolidated with this one. We did not order consolidation. We have expressed no opinion as to any res judicata by reason of final judgments in other cases; such questions of course remain open for orderly proof and decision.

We said that the notices exhibited in the petition did not demand payment of rent, but were notices of termination of the lease. This is correct. It is true, however, that an affidavit by plaintiff's counsel was offered in support of the motion for summary judgment, which exhibited letters from him to appellee demanding payment of rent, but these were mailed to New York, care of Bernarr MacFadden, and he as President of Bernarr MacFadden Foundation acknowledged their receipt. These also name no amount of rent, and do not appear even to have been received by appellee. They were objected to, and the judge never ruled on their admission, but if admitted they would not help the case for summary judgment of eviction.

The motion is denied.