131 So.2d 705

**Ex parte P. A. GREEN.**

**I Div. 925.**

Supreme Court of Alabama.

June 22, 1961.

Barnard & Barnard, Birmingham, for petitioner.

Sullivan & Cameron, Mobile, for respondent.

PER CURIAM.

The statement of the case is contained in the dissenting opinion of the Chief Justice.

Section 258 of Title 7, Code of Alabama 1940, provides:

"§ 258. Dismissal.—The plaintiff may dismiss his suit at any time, by causing the clerk to make on the docket an entry of dismissal. When the summons has been executed, notice must be given to the defendant of the intended dismissal."

Relying on the provisions of the foregoing statute, the rule nisi was issued in this cause. Judge Ervin has answered the rule nisi as indicated in the dissenting opinion of the Chief Justice. We are of the opinion that the plaintiff in the instant case has a right under the provisions of the foregoing statute to dismiss his suit in the Circuit Court of Mobile County, Alabama, either by filing motion to dismiss with the clerk or with the judge, as was done here.

It follows that the peremptory writ of mandamus should issue to Judge Ervin as prayed. It is so ordered.

LAWSON, SIMPSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.

LIVINGSTON, C. J., dissents.

**396**

LIVINGSTON, Chief Justice (dissenting).

P. A. Green filed in this court a petition for a writ of mandamus against Honorable Robert T. Ervin, as Judge of the Circuit Court of Mobile County, Alabama, at Law. On September 9, 1960, this court granted a rule nisi returnable on September 28, 1960.

The rule nisi ordered Judge Ervin to forthwith make and enter an order in the certain-styled cause: P. A. Green, as plaintiff, versus Ray D. Bridges, as Sheriff of Mobile County; H. C. Blake, as Deputy Sheriff, Mobile County; St. Paul Fire & Marine Insurance Company of St. Paul, Minnesota, as Defendants, pending in the Circuit Court of Mobile County, Alabama, at Law, being Case No. 1303, vacating, annulling, cancelling and expunging from the record the order and judgment made and entered by him in said cause on the 29th day of June, 1960, denying plaintiff's request and motion filed March 9, 1960, to dismiss said cause, and to make and enter in lieu thereof an order and judgment dismissing said cause without prejudice; or, to appear before the Supreme Court on Wednesday, September 28, 1960, and show cause why the peremptory writ of mandamus should not issue to him as prayed for in said petition.

The petition for mandamus, together with the exhibits attached thereto and made a part thereof, show, in substance, the following:

That on September 11, 1959, the petitioner brought suit in the Circuit Court of Mobile County, Alabama, against Ray D. Bridges, as Sheriff of Mobile County, and H. C. Blake, as Deputy Sheriff of Mobile County, and the St. Paul Fire and Marine Insurance Company of St. Paul, Minnesota, surety on the official bond of Ray D. Bridges and H. C. Blake, claiming damages for malicious prosecution and false imprisonment. While the above cause was still pending in the Circuit Court of Mobile County, Alabama, petitioner filed another suit in the Circuit Court of Jefferson County, Alabama, wherein petitioner claimed damages of the same defendants (and others) for the same alleged false arrest and malicious prosecution.

Later, a motion to dismiss the suit pending in the Circuit Court of Mobile County, Alabama, was filed by the petitioner. Objections to the dismissal were filed by defendants, and were as follows:

"1. That at the time of the filing of the said motion to dismiss, to wit, the 9th day of March, 1960, there was pending in the Circuit Court of Jefferson County, Alabama, the same cause of action by the same plaintiff against the same parties in this cause, which pending action in Jefferson County, was commenced on to wit, the 7th day of March, 1960, and subsequent to the filing of the complaint in this cause.

"2. The plaintiff and the defendants, Ray D. Bridges and H. C. Blake, are permanent residents of Mobile County, Alabama, and the St. Paul Fire and Marine Insurance Company of St. Paul, Minnesota, defendant and surety on the official bond of Ray D. Bridges, Sheriff of Mobile County, Alabama, does business in Mobile County, Alabama, by an agent, and that the proper venue for the said cause of action against the said defendants is Mobile County, Alabama, and not Jefferson County, Alabama. The defendants further say that the plaintiff, by filing the same cause of action against the same parties in the Circuit Court of Jefferson County, Alabama, was attempting to circumvent the requirements of the venue statutes of this state and has failed to follow the requirements of Title 7, Section 65, of the Code of Alabama 1940, and its amendments thereto, in that the plaintiff has not filed in this Court a motion to change the venue nor has he filed affidavits required by said statute setting forth that he can-

not have a fair and impartial trial of this cause in Mobile County, Alabama.

"3. The defendants further say that prior to the filing of said motion to dismiss, the defendants and each of them filed demurrers to the plaintiff's complaint and its amendment thereto, and that the said demurrers are now pending on the docket of this Honorable Court and that the defendants are entitled to a ruling on the said demurrers before the Court entertains any motion to dismiss the complaint.

"Wherefore, the defendants and each of them move this Honorable Court to

"1. Rule on the demurrers filed in this cause.

"2. Deny the plaintiff's motion to dismiss this cause while the said cases against the said defendants are pending in the Circuit Court of Jefferson County, Alabama."

The motion to dismiss was denied and refused by Judge Ervin and the cause was continued on the docket of the Circuit Court of Mobile County.

The petition for mandamus in this Court is to review the ruling of Judge Ervin in refusing to dismiss. The respondent, Judge Ervin, demurred to the petition for mandamus and also filed an answer thereto.

It is well settled that the sufficiency of a petition for writ of mandamus may be tested by appropriate demurrer. Ex parte Little, 266 Ala. 161, 95 So.2d 269, and cases therein cited.

One of the grounds of demurrer by respondent raises the point that petitioner has an adequate remedy by appeal, and that under such circumstances the extraordinary remedy of mandamus should not be allowed. An appeal will not lie from an order or decree overruling a motion to dismiss. Ex parte Little, supra; Mabry v. Dickens, 31 Ala. 243. However, such rulings are subject to review on appeal from a final judgment, and hence we do not ordinarily entertain a petition or motion for mandamus to review such rulings. Ex parte Little, supra; Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77; Ex parte Carroll, 263 Ala. 212, 82 So.2d 190.

There are exceptions to the general rule to the effect that we will not review interlocutory judgments by mandamus, some of which are referred to in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432. In the instant case, it does not appear that the matters complained of come within any of the established exceptions to the general rule. It was said in Ex parte Little, supra [266 Ala. 161, 95 So.2d 272]:

"* * * It is not necessary to a decision of this case that we attempt to reconcile seeming inconsistencies arising out of the prior exercise of the court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. Cf. Thomas v. State, 241 Ala. 381, 2 So.2d 772. It is sufficient to adhere to our holding in Ex parte Brooks, 264 Ala. 674, 89 So. 2d 100, to the effect that expense and inconvenience do not work an exception to the general rule. * * *"

As we have heretofore pointed out, petitioner may assign as error on appeal from a final judgment the action of the trial court in regard to the so-called motion to dismiss. Dorrough v. McKee, supra, and cases therein cited.

I recognize the applicability of Section 258, supra, but am of the opinion that it ought not to be applied in a mandamus proceedings, but that it should be, more properly, raised on appeal after final judgment. I think it only adds another exception to the general rule stated above, and permits the trial of cases in this court in "piecemeal." Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512. I, therefore, respectfully dissent.