FRANCES FAYE, APPELLANT, v. HOTEL RIVIERA, INC., RESPONDENT.

No. 4886

June 22, 1965

403 P.2d 201

*Murray Posin,* of Las Vegas, for Appellant.

*Peter Echeverria,* of Reno, and *Singleton and DeLanoy,* and *Rex A. Jemison,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from an order dismissing the case below for failure to bring the action to trial within five years after the filing of the action pursuant to NRCP, Rule 41(e), reading in part as follows:

"Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."

The case was not brought to trial within the statutory five-year period and there was no written stipulation between the parties extending the time. No application was made to the court for any relief, nor was the court made aware of the plaintiff's problem. Although as we have said in Smith v. Garside, 81 Nev. 312, 402 P.2d 246: "We are confident that, had the court been so advised, it would have accommodated her by at least commencing trial."

The chronology of proceedings in the court below was as follows:

*July 13, 1959*—Complaint filed.

*August 12, 1959*—Answer served.

*August 18, 1959*—Note for Trial Docket filed by plaintiff.

*December 7, 1959*—Notice of Taking Deposition of plaintiff served by defendant.

*January 15, 1960*—Another Notice for taking plaintiff's deposition served.

*March 1, 1960*—Another Notice for taking plaintiff's deposition served.

*April, 1960*—Plaintiff's deposition taken by defendant.

*November 21, 1960*—Case set for trial and vacated on consent of attorneys for both parties.

*December 9, 1960*—Note for Trial Docket filed by plaintiff and trial set for June 5, 1961. This setting was vacated on court's motion and trial reset for October 9, 1961. New setting vacated on consent of attorneys, but at whose instance is not known.

*October 18, 1961*—Note for Trial Docket filed by plaintiff. Trial set for May 28, 1962.

*March 29, 1962*—Defendant serves Notice of Taking Depositions of a witness, Jay Florian Mitchell, and of Dr. Ray C. Wixom. Trial setting vacated at the request of defendant's counsel.

*June 6, 1962*—Note for Trial Docket filed by plaintiff.

*July 6, 1962*—Note for Trial Docket filed by plaintiff. Trial set for February 18, 1963, and at request of counsel for plaintiff, reset for April 1, 1963.

*November 19, 1962*—Notice of association of counsel for defendant is served.

*December 27, 1962*—Notice of Taking Deposition of plaintiff is served by defendant's counsel.

*October 17, 1963*—Plaintiff's deposition taken and completed; also deposition of M. Faye Shepherd.

*January 29, 1964*—Note for Trial Docket filed by plaintiff. Pretrial hearing set for January 14, 1965, and trial set for March 1, 1965.

Appellant does not seek to have this court overrule Thran v. District Court, 79 Nev. 176, 380 P.2d 297, in which we said:

"We are of the opinion that NRCP 41(e) is clear and unambiguous and requires no construction other than its own language. Whenever plaintiff has failed for two years after action is filed to bring it to trial, the court may exercise its discretion as to dismissing it, but when it is not brought to trial within five years, the court in the absence of a written stipulation extending time, shall dismiss it. In the latter case the exercise of discretion in not involved. Miller & Lux v. Superior Court, 192 Cal. 333, 219 P. 1006."

It is to be noted that on October 18, 1961, plaintiff asked for a trial setting "the middle of January, 1962"; that on June 6, 1962, plaintiff asked for a trial setting "early in 1963," "* * * in view of the fact that plaintiff is an entertainer and that Melvin Belli, Esq. [a California attorney] will be associated in the trial of this action"; that on July 6, 1962, plaintiff sought a trial setting for April 1, 1963, for the same reason; and that finally on January 29, 1964, with the mandatory five-year period about to expire on July 13, 1964, plaintiff requested a "firm setting as a courtesy to out-of-state counsel for plaintiff, and out-of-city counsel for defendant, in order that they may adjust their calendars." On such request a pretrial hearing was set for January 14, 1965, and trial set for March 1, 1965, both dates being beyond the five-year period.

Appellant says that it is a matter of general knowledge that for upwards of the past 10 to 12 months the trial calendar of the court has been so congested that divers procedures were initiated by the master calendar judge to relieve the congestion, and that notices were sent to all counsel in the judicial district deferring trials of all civil cases. However, from the record before us, it is apparent that a great many months of the delay were primarily chargeable to the plaintiff herself and to her out-of-state-appointed counsel. The plaintiff was an entertainer by profession, with many engagements both within and out of the United States. Her California counsel was notably engaged in much trial work in various jurisdictions.

The order dismissing the action is affirmed on the authority of Thran v. District Court, supra, and Smith v. Garside, supra, and cases therein cited.

THOMPSON, J., and ZENOFF, D. J. concur.