CITY OF RENO, NEVADA, a Municipal Corporation, Petitioner, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe, Respondent.

No. 5427

May 6, 1968                                    440 P.2d 395

*Clinton E. Wooster,* Reno City Attorney, *Roy Lee Torvinen,* Special Assistant City Attorney, for Petitioner.

*Belford and Anglim,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

On December 7, 1966, the petitioner, City of Reno, Nevada, a municipal corporation, hereinafter referred to as "Reno", under its right of eminent domain, commenced an action against George A. Probasco, hereinafter referred to as "Probasco", to condemn a right-of-way for the new Wells Avenue overpass, between Fourth and Fifth Streets in that city. On

December 13, 1966, the parties stipulated that Reno could occupy the premises pending judgment on the condemnation action. The court subsequently entered an order pursuant to that stipulation.

On December 17, 1966, Probasco filed an answer to the action which contained a counterclaim against Reno.

On June 6, 1967, Probasco moved for a partial summary judgment, and at its meeting held on June 12, 1967, the City Council, on behalf of the petitioner, authorized the withdrawal and abandonment of the condemnation proceedings. On June 28, 1967, Reno filed a notice of abandonment and a motion for judgment dismissing the proceedings pursuant to NRS 37.180.[1]

The District Court heard the motions of both parties on July 21, 1967, and on August 8, 1967, entered an order granting Probasco's motion for partial summary judgment and denying Reno's motion for dismissal.

Reno then filed with this court, its petition for a writ of mandamus, requiring the respondent court to dismiss the condemnation proceedings.

Initially we are called upon to decide whether mandamus will lie to compel the respondent court to dismiss Reno's complaint when its motion to dismiss is made pursuant to statute.

Unquestionably the language found in NRS 37.180, is mandatory when applicable, and we find that mandamus is available to the petitioner. Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963).

Under the facts in this case it is apparent that the petitioner's motion to dismiss under NRS 37.180 should have been granted by the trial court. Moreover, the provisions of NRS 37.180,

---

[1]NRS 37.180. "1. Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of 30 days after final judgment, by serving on defendants and filing in court a written notice of such abandonment. Upon such abandonment, on motion of any party, a judgment shall be entered dismissing the proceedings and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including necessary expenses and reasonable attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; but upon judgment of dismissal on motion of plaintiff, any or all defendants may file a cost bill within 30 days after notice of entry of such judgment.

"2. If the plaintiff has been placed in possession of the premises under the provisions of NRS 37.100 or 37.170, the defendant is entitled to all damages arising from such occupancy of the abandoned property."

supra, are similar to those of NRCP 41(e), wherein, it is provided that any action shall be dismissed by the court unless such action is brought to trial within five years after the filing thereof, unless the parties have stipulated in writing to an extension of time.

NRCP 41(e) in that respect has been held mandatory upon the court. Thran v. District Court, supra; J. C. Penny Co. v. Superior Court, 343 P.2d 919 (Cal. 1959).

In Ex parte Green, 131 So.2d 705 (Ala. 1961), the court said: "We are of the opinion that the plaintiff in the instant case has a right under the provisions of the foregoing statute to dismiss his suit * * * either by filing motion to dismiss with the clerk or with the judge, as was done here. It follows that the peremptory writ of mandamus shall issue * * *."

Probasco admits that if Reno abandons the physical "taking" of the condemnee's land it has the right to abandon the legal proceedings under NRS 37.180, but contends that as a matter of fact Reno has not abandoned the physical taking because it will take valuable real property rights of Probasco such as access, light, air, freedom from noise, etc., and thus opposes such abandonment of the legal proceedings if his counterclaim also would be dismissed with the petitioner's complaint.

The record clearly discloses that Reno has abandoned the physical taking of Probasco's real property.

This brings us to the principal question of the case. Can the petitioner unilaterally abandon its condemnation proceedings against Probasco, even though it does not abandon the improvement or the construction thereof, when Probasco has counterclaimed upon the grounds that the improvement will substantially damage his contiguous lands?

NRS 37.200 reads as follows: "Except as otherwise provided in this chapter, the provisions of NRS and Nevada Rules of Civil Procedure relative to civil actions, new trials and appeals shall be applicable to and constitute the rules of practice in the proceedings in this chapter." Therefore, NRS 37.180, supra, must be read together with NRCP 41(a)(2)[2]

---

[2]NRCP 41(a)(2). "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

and Reno's complaint can be dismissed only if Probasco's counterclaim can remain pending for independent adjudication by the trial court. Further, the Nevada Rules of Civil Procedure require that they be construed to secure the just, speedy, and inexpensive determination of every action, NRCP 1.[3] Thus, while taking no position on the merits, we find that the counterclaim will remain for independent adjudication.

In the case of Millar v. Millar, 51 Cal.App. 718, 197 P. 811, it was held that the purpose of allowing a cross-complaint is to avoid a multiplicity of suits and thereby save vexation and expense, and that such a situation involves merely a consolidation of two independent actions arising out of or related to the same transaction, and in Solomon v. Lampl, 11 P.2d 1028 (Kan. 1932), the court said: "As it turned out, the plaintiff first abandoned part of her action and eventually the whole of it, which was her privilege, but that did not require the principal defendant and the administrator to submit to having their cross-petitions stricken and to commence their cross-actions anew. We are well aware that in some other jurisdictions procedure and practice still cling more or less to the age when the mechanics of procedure were regarded as of more concern than the aims and ends of justice—which procedure was designed to achieve. In this jurisdiction, we make no fetish of procedure. Under the genius of our Code, it is only a means to an end—to give every litigant a fair chance to present his cause and make his defense so that justice may speedily and economically be administered."

In United States v. Bero Construction Corporation, 148 F.Supp. 295 (D.C.S.D.N.Y. 1957), it was held: "As long as the Court has jurisdiction of the parties and of the controversy, the counterclaim may remain pending for independent adjudication by the Court. 3 Moore, Federal Procedure, para. 1315, p. 41. Such independent adjudication would be made either by a dismissal, if it should be determined that no claim is stated, or such other adjudication as may be had during the course of the proceedings." In accord: Deauville Corp. v. Garden Suburbs Golf & Country Club, 165 F.2d 431 (C.C.A. 1948); Lackner Co. v. Quehl Sign Co., 145 F.2d 932 (C.C.A. 1944).

Here, the trial court has jurisdiction of the parties and the controversy. When Reno filed its complaint and process was

---

[3]NRCP 1. "These rules govern the procedure in the district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

served on Probasco, he was compelled to counter-plead any claim arising out of the subject matter of Reno's complaint. NRCP 13(a).[4]

"If the counterclaim is compulsory, the ancillary jurisdiction principle permits the court to decide it even though the original action has been dismissed." 2B Barron and Holtzoff, Federal Practice and Procedure, Sec. 913, page 121.

For the foregoing reasons, a writ of mandamus shall issue requiring the respondent court to enter a judgment dismissing the condemnation proceedings as to the parcel of land in question, but retaining Probasco's counterclaim for independent adjudication.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.

[4]NRCP 13(a). "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."