GEORGE C. LINDAUER, APPELLANT, v. PEGGY POOR ALLEN AND DONALD H. ALLEN, RESPONDENTS.

No. 5723

July 9, 1969 456 P.2d 851

*Fry and Fry,* of Reno, for Appellant.

*Richard P. Wait* and *George Swainston,* of Reno, for Respondents.

**OPINION**

By the Court, BATJER, J.:

This is an appeal from an order of the district court granting the respondents' motion to dismiss for failure to prosecute.

The appellant (plaintiff below) filed his complaint with the district court on June 16, 1961, and filed the summons on May 9, 1962. The respondents (defendants below), Peggy Poor Allen answered on April 29, 1964; and, Donald H. Allen made a motion to quash, which was denied, and he answered on August 25, 1965. There were many other motions and memorandums filed by respective counsel prior to time for trial. However, none of these procedures are important to a determination of the issues before this court.

On December 13, 1966, respondents filed their motion to dismiss with prejudice for failure to prosecute. Points and authorities were filed by both sides in support of and in opposition to the motion, and on August 12, 1968 the court entered its judgment dismissing the action with prejudice in favor of the respondents and against the appellant.

Appellant makes two contentions:

(1) That the parties entered into an effective stipulation for extension of time which is provided for in NRCP 41(e), and therefore the action should not have been dismissed; and,

(2) That at any rate the legislature had superseded NRCP 41(e) to the extent that NRS 14.150 has changed the time for mandatory dismissal from five (5) years, as in NRCP 41(e), to seven (7) years, as in the statute; and, that since the action was dismissed prior to the expiration of seven (7) years, it was not mandatory but discretionary and the lower court abused its discretion.

We find both contentions to be without merit and affirm the holding of the lower court.

The lower court held that the stipulation entered into by the parties in this action could not be reasonably considered to do any more than provide for the taking of defendants' depositions at a time convenient to all concerned; and that it was not an effective stipulation for the extension of the time period as set out in NRCP 41(e). We must affirm that determination because the stipulation is not included in the record on appeal.

This court can only consider the record as it was made and considered by the court below. Wilson v. Wilson, 55 Nev. 57, 24 P.2d 317 (1933). Since the stipulation itself is not part of the record, this court must assume that the trial judge was correct in his ruling; and, although counsel have set out the stipulation in their briefs on appeal, facts in the briefs of counsel will not supply a deficiency in the record. Mitchell v. Bromberger, 2 Nev. 345 (1866); A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969); Lee v. Sheriff, 85 Nev. 379, 455 P.2d 623 (1969).

In deciding cases, an appellate court must confine its consideration to the facts reflected in the record and the necessary and reasonable inferences that may be drawn therefrom, the statements made by counsel in their briefs, alleging facts or their arguments made in open court, portraying what might have occurred, will not be considered on appeal, State v. Griswold, 446 P.2d 467 (Ariz. 1968); Yee Marn v. Reynolds, 361 P.2d 383 (Hawaii 1961); A Minor v. State, supra.

We next consider whether NRCP 41(e)[1] or NRS 14.150[2] is controlling in this case.

---

[1]NRCP 41(e). "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have stipulated in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court. A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides."

[2]NRS 14.150. "1. The district court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after

434

In 1943 the legislature enacted NCL 9932, which, after the enactment of NRS 2.120 was carried into NRCP 41(e) without change, and became effective January 1, 1953.

The legislature may, by statute, sanction the exercise of inherent powers by the courts, and the courts may acquiesce in such pronouncements by the legislature, but when a statute attempts to limit or destroy an inherent power of the courts, that statute must fail.

Article 3, section 1 of the Nevada Constitution provides for the division of the powers of government and prohibits persons charged with the exercise of powers properly belonging to one of the three separate departments from exercising any function appertaining to either of the others. Any legislation undertaking to require judicial action within fixed periods of time is an unconstitutional interference by the legislature with a judicial function. Waite v. Burgess, 69 Nev. 230, 245 P.2d 994 (1952); St. ex rel. Watson v. Merialdo, 70 Nev. 322, 268 P.2d 922 (1954); State v. Johnson, 69 N.E.2d 592 (Ind. 1946); Atchison, T. & S. F. Ry. Co. v. Long, 251 P. 486 (Okla. 1926); Schario v. State, 138 N.E. 63 (Ohio 1922). In

due notice to the plaintiff, whenever the plaintiff has failed for 3 years after the action is filed to bring such action to trial.

"2. Any action commenced prior to or after July 1, 1967, shall be dismissed by the court in which the same has been commenced or to which it may be transferred on motion of the defendant, after due notice to the plaintiff or by the court upon its own motion, unless such action is brought to trial within 7 years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended.

"3. When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of the defendant after due notice to the plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within 5 years after the entry of the order granting a new trial, except when the parties have stipulated in writing that the time may be extended.

"4. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court on motion of the defendant after due notice to the plaintiff, or of its own motion, unless brought to trial within 5 years from the date upon which remittitur is filed by the clerk of the trial court."

"5. A dismissal under this section is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides."

Schario v. State, supra, it was stated: "Whether or not justice is administered without 'denial or delay' is a matter for which the judges are answerable to the people, and not to the General Assembly of Ohio. Manifestly, when a case can be heard and determined by a court must necessarily depend very largely upon the court docket, and quantity of business submitted to the court, the nature, the importance, and the difficulties attending the just and legal solution of matters involved."

A court has always possessed an inherent power to dismiss for want of prosecution. Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948). Neither statute nor rule is needed to confer that power upon a court. Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729 (1963). When the legislature enacted NCL 9932 and NRS 2.120, as they apply to the inherent powers of the court they were merely legislative sanctions of independent rights already belonging to the courts. When this court adopted NRCP 41(e) it was consistent with the Nevada Constitution and the laws of the state, and when the legislature later enacted NRS 14.150, it not only indulged in an unconstitutional act but attempted to diminish the effect of NRS 2.120 in an area where it was powerless to act.

Those rules of court which are neither inherent in nature nor bestowed upon the judiciary by constitutional mandate may be affected by proper legislation, however, in this state such legislation must commence with a direct amendment of NRS 2.120 limiting the rule making power of this court.

Having decided that NRCP 41(e) must prevail, we examine the record and find that the respondents' motion to dismiss for lack of prosecution was filed more than five (5) years after the filing of the complaint. The district court has no discretion when there has been a lapse of five years or more. The order of dismissal is mandatory.

In Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963), this court said: "We are of the opinion that NRCP 41(e) is clear and unambiguous and requires no construction other than its own language. Whenever plaintiff has failed for two years after action is filed to bring it to trial, the court may exercise its discretion as to dismissing it, but when it is not brought to trial within five years, the court in the absence of a written stipulation extending time, shall dismiss it. In the latter

case the exercise of discretion is not involved." See also: Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83 (1961); Dubin v. Harrell, supra.

The appellant cites Haley v. Eureka County Bank, 20 Nev. 410, 22 P. 1098 (1889). Twaddle v. Winters, 29 Nev. 88, 89 P. 289 (1906) for the legal principal that if there is a conflict between a statute and a rule of court that the statute would control, however, in neither of those cases was there a question about the inherent rule making power of the courts in certain areas, or a constitutional question concerning the separation of powers, nor was there any direct conflict between a statute and a rule. The recitation of the court in those cases, on this point, was merely dicta.

In Waite v. Burgess, supra, this court, after announcing that any attempt by the legislature to fix periods of time within which judicial actions must take place was unconstitutional, nevertheless, construed the statutes there under consideration as demanding diligence on the part of the litigants rather than an oppression upon the judge's duties of deliberation and orderly administration of justice and assigned them the innocuous status of being "directory only".

We can not follow that procedure because here we have a statute and a rule which are in diametric opposition. One must stand and the other fall.

Consequently we find NRS 14.150 to be an unconstitutional invasion by the legislature in the judicial rule making power and that, in this case, NRCP 41(e) makes it mandatory upon the district court to dismiss the complaint for lack of prosecution.

Finally the appellant contends that if the dismissal was mandatory that the district court abused its discretion when it dismissed the appellant's complaint with prejudice. He bases his contention on the allegation that the respondents were absent from the jurisdiction for long periods of time and that service of process was thereby delayed. Relying on NRS 11.300[3] together with that part of NRCP 41(e), which reads as follows: ". . . A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same

---

[3]NRS 11.300. "If, when the cause of action shall accrue against a person, he be out of the state, the action may be commenced within the time herein limited after his return to the state; and if after the cause of action shall have accrued he depart the state, the time of his absence shall not be part of the time prescribed for the commencement of the action."

defendants unless the court otherwise provides," the appellant argues that he had reserved to him the right to bring an action against the defendants upon their return to the State of Nevada and for that reason the district court could not dismiss his complaint with prejudice. NRS 11.300 is concerned with limitations of actions and is not applicable to the facts of this case. Although the district court might have ruled otherwise, it was within its discretion to dismiss the complaint with prejudice and we find no abuse of that discretion.

The judgment of the lower court is affirmed.

COLLINS, C. J., ZENOFF and THOMPSON, JJ., and BABCOCK, D. J., concur.