GREAT WESTERN LAND & CATTLE CORPORATION, A Nevada Corporation, Petitioner, *v.* SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Pershing, Respondent.

No. 6029

April 16, 1970

467 P.2d 1019

*Robert R. Herz,* of Reno, for Petitioner.

*Stewart & Horton* and *Willard Van Hazel, Jr.,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

Petitioner seeks a Writ of Prohibition prohibiting respondent court from proceeding with trial of its complaint and the counterclaim of Noel McElhaney in Civil Action No. 3189 pending in that court, for want of prosecution under NRCP 41(c) and (e), and to vacate or modify its order and judgment allowing defendant McElhaney costs and attorney fees against petitioner. We conclude the writ should issue.

Petitioner, as plaintiff, sued McElhaney on a civil cause of action in respondent court in April, 1964. McElhaney answered and counterclaimed in May, 1964, but for one reason or another the cause was not set down finally for trial until August 21, 1969.[1] On that date, petitioner, as plaintiff, moved to mandatorily dismiss its own complaint[2] as well as defendant's counterclaim for want of prosecution for over five years.

Respondent court denied the motion, granted a further continuance of the trial until this writ could be sought and entered an order, now a judgment, granting defendant McElhaney certain costs and an attorney's fee because of the continuance.

---

[1]The chronology of the pertinent dates, material to this discussion, are as follows:

> April 14, 1964—Filing of plaintiff's complaint.
> May 15, 1964—Filing of defendant's answer and counterclaim.
> May 27, 1965—Defendant's application for trial setting.
> July 11, 1967—Filing of plaintiff's answer to defendant's counterclaim.
> December 2, 1968—Pre-trial conference.
> December 9, 1968—Trial setting, vacated because of plaintiff's illness.
> March 17, 1969—Trial setting, vacated because defendant was unable to be ready for trial on that date.
> April 14, 1969—Expiration of 5-year period for plaintiff.
> May 15, 1969—Expiration of 5-year period for defendant.
> July 7, 1969—Trial setting, vacated because plaintiff had no counsel, who withdrew June 30, 1969. Reset for trial August 21, 1969.

[2]There is no issue before us concerning the propriety of petitioner seeking to dismiss its own complaint pursuant to NRCP 41, and we express no opinion on that matter.

There is no evidence of nor issue concerning a stipulation in writing between the parties extending the time of trial of defendant's counterclaim beyond 5 years. The principle issue for our consideration is whether the provisions of NRCP 41(c) and (e) require the mandatory dismissal of a counterclaim, whether compulsory or permissive, if not brought to trial within 5 years. We hold that they do and prohibit respondent court from proceeding with trial of McElhaney's counterclaim. Petitioner's motion for dismissal of the counterclaim should have been granted and the trial not continued. Thus, the court's award of costs and attorney's fee was improper, and that judgment is likewise vacated.

1.   NRCP 41(c) reads in pertinent part: "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim." Rule 41(e) makes no specific mention of a counterclaim, nor of a plaintiff's right to move for dismissal of a counterclaim. It refers only to what a defendant may do with regard to a plaintiff's complaint. Respondent argues as a matter of statutory construction that Rule 41(c) does not apply to subdivision (e), but only to subdivisions (a) and (b) of that rule. We disagree, and hold that subdivision (c), which has no limiting language and we will presume none, applies to Rule 41 in its entirety.

2.   In City of Reno v. District Court, 84 Nev. 322, 440 P.2d 395 (1968), we held that a compulsory counterclaim can remain for independent adjudication even though the original claim was abandoned or dismissed. See also Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948). A counterclaim is, in reality, an entirely separate and distinct cause of action, and a counterclaimant has a burden equal to that of the original plaintiff. Tinnerman Prods., Inc. v. George K. Garrett Co., 22 F.R.D. 56 (E.D. Pa. 1958). "[T]he issues raised upon the cross-complaint and answer are completely severable from the issues upon the original complaint and answer. . . ." Pacific Fin. Corp. v. Superior Court, 25 P.2d 983, 984 (Cal. 1933).

3.   In holding that Rule 41 applies to counterclaims, we see no valid reason for making a distinction between compulsory or permissive counterclaims. Respondent urges that

we do so because as a compulsory counterclaimant he is forced to plead his claim or lose it. We decline to give Rule 41 that construction. The purpose of NRCP 13(a) is to make an "actor" of the defendant so that circuity of action is discouraged and the speedy settlement of all controversies between the parties can be accomplished in one action. See 1A Barron & Holtzoff, Federal Practice and Procedure § 391 (Wright ed. 1960). We see no reason why an original defendant can secure dismissal of plaintiff's complaint if not brought to trial within 5 years, and thereafter have an indefinite time beyond 5 years to bring his own compulsory counterclaim on for trial. We would tend to encourage delay of litigation by such a construction of Rule 41.

4. Finally, respondent argues that because petitioner was responsible for most of the 5-year delay and defendant McElhaney, who made the only serious effort to get the case set down for trial, was frustrated by actions of petitioner and the respondent court, dismissal of his counterclaim should be denied on equitable considerations. However, we have held in a long line of cases that dismissal of an action is mandatory if 5 years have elapsed since it was filed. See Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969); Faye v. Hotel Riviera, Inc., 81 Nev. 350, 403 P.2d 201 (1965); Smith v. Garside, 81 Nev. 312, 402 P.2d 246 (1965); Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963); Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83 (1961); Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948). When a case is not brought to trial within 5 years, the only exception to mandatory dismissal is a written stipulation: "Words and conduct, short of a written stipulation, cannot in cases involving this statute constitute an estoppel." Thran v. District Court, supra, 79 Nev. at 181. Rule 41, as written and construed, does not contemplate an examination of the equities. Any other construction would destroy the mandatory 5-year dismissal rule and make the determination a matter of trial court discretion.

The lower court should grant petitioner's motion and dismiss its complaint.

The writ should issue, permanently prohibiting respondent court from proceeding to trial on defendant McElhaney's

counterclaim. The judgment against petitioner for costs and attorney's fees is vacated.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.