An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES AYMANN,<br>Appellant,<br>vs.<br>ALANA PETERSON,<br>Respondent. | No. 66676 |
| JAMES R. AYMANN,<br>Appellant,<br>vs.<br>ALANA PETERSON; AND ELAINA PETERSON,<br>Respondents. | No. 66774 |

FILED

DEC 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL (DOCKET NO. 66676) AND ORDER OF AFFIRMANCE (DOCKET NO. 66774)

These are pro se appeals from district court orders denying a motion to disqualify a district court judge (Docket No. 66676) and dismissing the action pursuant to NRCP 41(e) (Docket No. 66774). Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

No appeal lies from an interlocutory order denying a motion to disqualify a judge. NRAP 3A(b) (listing orders and judgments from which an appeal may be taken); *Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998). We therefore dismiss the appeal in Docket No. 66676. However, as appellant has properly appealed from the final judgment in Docket No. 66774, we will consider his challenge of the order denying his motion to disqualify the district court judge in the context of that appeal. *Consol. Generator*, 114 Nev. at 1312, 971 P.2d at 1256 (noting that this court may review an interlocutory order in the context of an appeal from a final judgment).

Appellant contended in his motion to disqualify the district court judge that the district court judge showed "numerous improprieties"

15-39067

toward appellant. Appellant also argues that the chief district court judge is "strongly pro-woman" and "is not competent or qualified" to oversee the dispute between appellant and the district court judge, and therefore should not have decided the motion to disqualify. Having reviewed appellant's pro se opening brief and the record on appeal, we conclude that appellant has not shown that the district court abused its discretion in denying his disqualification motion. *Goldman v. Bryan*, 104 Nev. 644, 649, 764 P.2d 1296, 1299 (1988) (holding that this court reviews orders denying disqualification for a clear abuse of discretion, that judges are "presumed not to be biased," and the party seeking disqualification bears the burden of proving that disqualification is warranted), *disavowed on other grounds by Halverson v. Hardcastle*, 123 Nev. 245, 163 P.3d 428 (2007). Thus, Judge Kishner properly remained assigned to the underlying matter and no relief is warranted with regard to the order denying the motion to disqualify.[1]

Appellant also challenges the district court's dismissal of his action for failure to bring it to trial within five years. *See* NRCP 41(e). We perceive no error in the district court's dismissal of the action as appellant's complaint was filed on March 26, 2009, and therefore more than five years had passed when the district court dismissed the action on September 18, 2014. *See* NRCP 41(e); *see also Allyn v. McDonald*, 117 Nev. 907, 912, 34 P.3d 584, 587 (2001) ("Except in very limited circumstances, we uphold NRCP 41(e) dismissals without regard to the plaintiff's reasons for allowing the mandatory period to lapse."); *Great W.*

---

[1]Appellant's arguments regarding the chief district court judge are unsupported, lack merit, and do not provide a basis for relief.

 

*Land & Cattle Corp v. Sixth Judicial Dist. Court*, 86 Nev. 282, 285, 467 P.2d 1019, 1021 (1970) ("Rule 41, as written and construed, does not contemplate an examination of the equities. Any other construction would destroy the mandatory 5-year dismissal rule and make the determination a matter of trial court discretion."). As appellant has not demonstrated any basis for reversal in Docket No. 66774, we affirm the district court's dismissal of appellant's action.[2] The appeal in Docket No. 66676 is dismissed.

It is so ORDERED.

_____ , J.
Saitta

_____ , J.
Gibbons

_____ , J.
Pickering

cc:    Hon. Joanna Kishner, District Judge
       James R. Aymann
       Alexander L. Mazzia, Jr.
       Eighth District Court Clerk

---

[2]In light of this disposition, appellant's remaining arguments are moot.