RONALD ERICKSON, Appellant, *v.* ONE THIRTY-THREE, INC., and ASSOCIATES, Respondent.

No. 18455

December 30, 1988                                   766 P.2d 898

*D. Michael Clasen,* Reno, for Appellant.

*Hill, Cassas, de Lipkau and Erwin,* Reno, for Respondent.

---

[5]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.

## OPINION

*Per Curiam:*

This is an appeal from a grant of summary judgment by the district court in favor of the respondent. We conclude the district court erred, and therefore reverse its judgment.

The underlying cause of this litigation occurred on December 13, 1980 at the Onslow Hotel and Casino, owned by the respondent. Ronald Erickson, the Onslow's general manager, became involved in a physical confrontation with a patron of the casino, James Jones. Erickson notified the Onslow's security department, and shortly thereafter two guards took charge of the situation and directed Jones into one of the casino's back rooms. Apparently a third guard also participated in the detention of Jones, which finally resulted in his arrest. Erickson asserts he was not involved in the treatment of Jones after the arrival of the guards, other than briefly visiting the back room some five to ten minutes later.

Jones sued the Onslow and Erickson for battery and false imprisonment. None of the three guards were named in the lawsuit. Jones won a judgment of $5,000 in compensatory damages and $25,000 in punitive damages. Respondent's insurance company paid the compensatory damages, but refused to pay the punitive damages because they were not covered by the Onslow's policy. Respondent therefore paid the punitive damages award of $25,000.

Shortly after Jones filed suit, the Onslow answered his complaint and asserted a cross-claim against Erickson for indemnity. This cross-claim was voluntarily dismissed by the respondent on June 9, 1982. Erickson was not served with either the cross-claim

or the dismissal. In fact, after dismissing its cross-claim, the Onslow volunteered to provide Erickson with legal representation during the trial. Erickson was not aware of the Onslow's intent to sue him for indemnity until five months after the jury reached a verdict, when he was finally served with the original cross-claim. He hired counsel and answered the cross-claim, completely unaware that a voluntary dismissal had already been entered.

The cross-claim was filed on May 15, 1981. On May 19, 1986, Erickson moved for mandatory dismissal of the case under NRCP 41(e). Instead of granting the dismissal, the district court accepted a stipulation which stated that the action was moot in light of the 1982 voluntary dismissal. The stipulation was faulty, however, as it was signed only by respondent's counsel.[1]

Six weeks later, the Onslow filed a new action in another department of the district court, seeking indemnity from Erickson for the punitive damages award paid to Jones. The Onslow then moved for summary judgment, arguing that Erickson owed it the full amount of punitive damages, plus interest, because his actions had caused Jones' injuries. The district court granted summary judgment in favor of the Onslow, concluding that Erickson should pay the damages as a matter of law. The record reveals serious error, however, which precludes summary judgment for the respondent. We therefore reverse the district court's judgment.

At the time appellant moved to dismiss the action, five years had passed since the filing of the cross-claim and the case had not yet gone to trial. A dismissal is mandatory under such circumstances. *See* Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969). The district court erred in not entering the mandatory dismissal. The stipulation submitted by the respondent is of no

---

[1] A court has the inherent power to look behind a stipulation for improper conduct. United States v. Mercedes-Benz of North America, 547 F.Supp. 399 (N.D.Cal. 1982). The record shows that the stipulation was signed by respondent's counsel and stamped with the name of the district court judge. A dismissal by stipulation pursuant to NRCP 41(a) is not effective unless filed by all parties to the suit. *See* United States v. Transocean Air Lines, Inc., 356 F.2d 702 (5th Cir. 1966). A stipulation which does not meet the formal requirements of the rule may nevertheless be accepted as a voluntary dismissal. Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193 (10th Cir. 1974). If the stipulation is accepted as a voluntary dismissal, respondent's suit is barred; a plaintiff who twice dismisses his suit is prohibited from bringing a third action. Gioia v. Blue Cross Hospital Service, Inc. of Mo., 641 F.2d 540 (8th Cir. 1981).

effect because it was not a stipulation to extend time as required by NRCP 41(e). Johnson v. Harber, 94 Nev. 524, 582 P.2d 800 (1978); Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963). A dismissal under NRCP 41(e) is res judicata and bars any other suit based on the same claim, unless otherwise provided by the court. Lighthouse v. Great W. Land & Cattle, 88 Nev. 55, 493 P.2d 296 (1972). The Onslow has failed to provide any reason for the delay, and it is the plaintiff's duty to use diligence at every stage of the proceeding. *Thran, supra,* 79 Nev. at 181, 380 P.2d at 300. When no adequate excuse is offered for a lengthy delay, injury to the defendant is presumed, and the court may infer that the case lacks merit. Northern Ill. Corp. v. Miller, 78 Nev. 213, 370 P.2d 955 (1962). We conclude that the mandatory dismissal should have been granted, with prejudice, in response to Erickson's 41(e) motion, thereby barring the instant suit.

Summary disposition of this case in favor of Erickson is also justified by the principles of laches. Laches is an equitable doctrine which will be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable. Pub. Service Comm'n v. Sierra Pacific, 103 Nev. 187, 734 P.2d 1245 (1987); Leaver v. Grose, 610 P.2d 1262 (Utah 1980). Respondent's delay in notifying appellant of the contemplated indemnity action and its further delay in litigating the case after serving the cross-claim has prejudiced Erickson's ability to defend himself against the charge that he was primarily responsible for the tortious acts against Jones. The Onslow provided Erickson with legal representation at trial, obscuring its intent to sue him for indemnity. Erickson was thereby dissuaded from retaining his own counsel, impleading the guards and litigating the issue of relative fault. The jury which awarded the punitive damages could also have determined which employees were at fault for each of the injuries suffered by Jones, but it was not allowed the opportunity to do so.

The cross-claim for indemnity was not served on the appellant until five months after the trial, almost two years after it was initially filed. Respondent then failed to bring the action to trial in a timely manner. The delay in this case is attributable primarily to a lack of diligence on the part of the respondent. Appellant caused no significant delay, and has been considerably prejudiced by it. It would therefore be inequitable to permit the respondent to proceed with its indemnity claim.

The district court erred in granting summary judgment in favor of the respondent. We therefore reverse the judgment of the district court, and remand the matter with instructions to enter summary judgment in favor of the appellant.[2]

---

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.