**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES NALDER, Guardian
Ad Litem on behalf of
Cheyanne Nalder; GARY
LEWIS, individually,
*Plaintiffs-Appellants*,

v.

UNITED AUTOMOBILE
INSURANCE COMPANY,
*Defendant-Appellee.*

No. 13-17441

D.C. No.
2:09-cv-01348-RCJ-GWF

ORDER

Filed June 1, 2016

Before: Alex Kozinski, John T. Noonan
and Diarmuid F. O'Scannlain, Circuit Judges.

Order

## SUMMARY[*]

### Certification to Nevada Supreme Court

The panel certified the following question of law to the Nevada Supreme Court:

> Whether, under Nevada law, the liability of an insurer that has breached its duty to defend, but has not acted in bad faith, is capped at the policy limit plus any costs incurred by the insured in mounting a defense, or is the insurer liable for all losses consequential to the insurer's breach?

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, we certify to the Nevada Supreme Court the question of law set forth in Part II of this order. The answer to this question may be determinative of the cause pending before this court, and there is no controlling precedent in the decisions of the Nevada Supreme Court or the Nevada Court of Appeals.

Further proceedings in this court are stayed pending receipt of an answer to the certified question. Submission is withdrawn pending further order. The parties shall notify the Clerk of this court within one week after the Nevada Supreme Court accepts or rejects the certified question, and again within one week after the Nevada Supreme Court renders its opinion.

## I. The Parties

Plaintiffs-appellants, James Nalder, guardian ad litem for Cheyanne Nalder, and Gary Lewis will be the appellants before the Nevada Supreme Court. Defendant-appellee, United Automobile Insurance Company (UAIC), a Florida corporation with its principal place of business in Florida, will be the respondent.

The names and addresses of counsel for the parties are as follows:

Thomas Christensen, Christensen Law Offices, LLC, 1000 S. Valley View Blvd., Las Vegas, Nevada 89107, for appellants.

Thomas E. Winner, Susan M. Sherrod and Matthew J. Douglas, Atkin Winner & Sherrod, 1117 South Rancho Drive, Las Vegas, Nevada 89102, for respondent.

## II.  Question of Law

The question of law to be answered is:

> Whether, under Nevada law, the liability of an insurer that has breached its duty to defend, but has not acted in bad faith, is capped at the policy limit plus any costs incurred by the insured in mounting a defense, or is the insurer liable for all losses consequential to the insurer's breach?

The Nevada Supreme Court may rephrase the question as it deems necessary.

## III.  Background

On July 8, 2007, Gary Lewis ran over Cheyanne Nalder. Lewis had taken out an auto insurance policy with UAIC, which was renewable on a monthly basis.  Before the accident, Lewis had received a statement instructing him that his renewal payment was due by June 30, 2007.  The statement also specified that "[t]o avoid lapse in coverage, payment must be received prior to expiration of your policy." The statement listed June 30, 2007, as the policy's effective date and July 31, 2007, as its expiration date.  Lewis didn't pay to renew his policy until July 10, 2007, two days after the accident.

James Nalder (Nalder), Cheyanne's father, made an offer to UAIC to settle her claim for $15,000, the policy limit. UAIC rejected the offer, arguing Lewis wasn't covered at the time of the accident because he didn't renew the policy by June 30. UAIC never informed Lewis that Nalder was willing to settle.

Nalder sued Lewis in Nevada state court and obtained a $3.5 million default judgment. Nalder and Lewis then filed the instant claim against UAIC in state court, which UAIC removed to federal court. Plaintiffs alleged breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, fraud and breach of section 686A.310 of the Nevada Revised Statutes. UAIC moved for summary judgment on the basis that Lewis had no insurance coverage on the date of the accident. Plaintiffs argued that Lewis was covered on the date of the accident because the renewal notice was ambiguous as to when payment had to be received to avoid a lapse in coverage, and that this ambiguity had to be construed in favor of the insured. The district court found that the contract could not be reasonably interpreted in favor of plaintiffs' argument, and granted summary judgment in favor of UAIC.

We held that summary judgment "with respect to whether there was coverage" was improper because "[p]laintiffs came forward with facts supporting their tenable legal position." *Nalder* v. *United Auto. Ins. Co.*, 500 F. App'x 701, 702 (9th Cir. 2012). But we affirmed "[t]he portion of the order granting summary judgment with respect to the [Nevada] statutory arguments." *Id.*

On remand, the district court granted partial summary judgment to each party. First, the court found the renewal

statement ambiguous, so it construed this ambiguity against UAIC by finding that Lewis was covered on the date of the accident. Second, the court found UAIC didn't act in bad faith because it had a reasonable basis to dispute coverage. Third, the court found UAIC breached its duty to defend Lewis, but awarded no damages "because [Lewis] did not incur any fees or costs in defending the underlying action" as he took a default judgment. The court ordered UAIC "to pay Cheyanne Nalder the policy limits on Gary Lewis's implied insurance policy at the time of the accident." Plaintiffs appeal.

## IV.  Discussion

Plaintiffs claim they should have been awarded consequential and compensatory damages resulting from the Nevada state court judgment because UAIC breached its duty to defend. Thus, assuming that UAIC did not act in bad faith but did breach its duty to defend Lewis, the question now before us is how to calculate the damages that should be awarded to plaintiffs. Plaintiffs claim they should have been awarded the amount of the default judgment ($3.5 million) because, in their view, UAIC's failure to defend Lewis was the proximate cause of the judgment against him.

The district court, however, denied damages because Lewis chose not to defend and thus incurred no attorneys' fees or costs. The district court interpreted two Nevada Supreme Court cases to hold that "[i]f an insurer breaches the duty to defend, damages are limited to attorneys' fees and costs incurred by the insured to defend the action." *See Reyburn Lawn & Landscape Designers, Inc.* v. *Plaster Dev. Co.*, 255 P.3d 268, 278 (Nev. 2011); *Home Savings Ass'n* v. *Aetna Cas. & Sur. Co.*, 854 P.2d 851, 855 (Nev. 1993).

*Home Savings Ass'n* addressed whether a trial court properly dismissed with prejudice a claim raised by an insured against an insurer that had breached its duty to defend. 854 P.2d at 854–55. The Nevada Supreme Court reversed, holding that, because an insurer's duty to defend "continues throughout the course of the litigation against the insured[,] [t]he statute of limitations on a claim against an insurer for breach of its duty to defend commences when a final judgment in the underlying litigation against the insured is entered." *Id.* at 855 (citations omitted). In deciding that the insured wasn't barred from continuing to seek fees and costs incurred in defending an action, the Nevada Supreme Court didn't address the amount that could be recovered as a consequence of an adverse judgment against the insured. *See id.* at 854–56.

In *Reyburn Lawn & Landscape Designers*, the Nevada Supreme Court considered the scope of an indemnification clause in a construction contract between a general contractor and a subcontractor. 255 P.3d at 270–71. Largely based on its interpretation of the language in the indemnification clause, the Nevada Supreme Court held that "an indemnitor's duty to defend an indemnitee is limited to those claims directly attributed to the indemnitor's scope of work and does not include defending against claims arising from the negligence of other subcontractors or the indemnitee's own negligence." *Id.* at 278. Moreover, the indemnity clause in that case "expressly authorize[d] attorney fees." *Id.* at 279 n.11. Again, the Nevada Supreme Court didn't address the appropriate measure of damages for a breach of an insurer's duty to defend. *See id.* at 277–80.

In two recent orders, the U.S. District Court for the District of Nevada addressed the "proper measure of

damages" under Nevada law for an insurer's breach of the duty to defend.  In its first order, the court recognized that the Nevada Supreme Court has never "articulated the measure of damages for an insurer's mere breach of the duty to defend absent bad faith." *Andrew* v. *Century Sur. Co.*, No. 2:12-cv-00978, 2014 WL 1764740, at *9 (D. Nev. Apr. 29, 2014). The court then looked to California law because the Nevada Supreme Court has "relied on [California law] in articulating the duty to defend." *Id.* (citing *United Nat'l Ins. Co.* v. *Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004)).  In California, "[w]here there is no opportunity to compromise the claim and the only wrongful act of the insurer is the refusal to defend, the liability of the insurer is ordinarily limited to the amount of the policy plus attorneys' fees and costs." *Comunale* v. *Traders & Gen. Ins. Co.*, 328 P.2d 198, 201 (Cal. 1958).  Relying on *Comunale*, the *Andrew* court "conclude[d] that the Nevada Supreme Court would not allow for extra-contractual damages if the insurer did not act in bad faith." *Andrew*, 2014 WL 1764740, at *9.

The *Andrew* court, however, reconsidered and modified its ruling, relying on Nevada contract law.  *Andrew* v. *Century Sur. Co.*, No. 2:12-cv-00978, 2015 WL 5691254, at *3 (D. Nev. Sept. 28, 2015).  The court held:  "There is no special rule for insurers that caps their liability at the policy limits for a breach of the duty to defend." *Id.* at *6.  Under Nevada law, upon a breach of contract, a plaintiff may seek compensatory damages, which include expectancy damages. *Id.* at *3 (citing *Rd. & Highway Builders* v. *N. Nev. Rebar, Inc.*, 284 P.3d 377, 382 (Nev. 2012)).  Nevada courts calculate expectancy damages pursuant to section 347 of the Restatement (Second) of Contracts. *Rd. & Highway Builders*, 284 P.3d at 382.  This section provides:

Subject to the limitations stated [elsewhere], the injured party has a right to damages based on his expectation interest as measured by

(a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus

(b) any other loss, including incidental or consequential loss, caused by the breach, less

(c) any cost or other loss that he has avoided by not having to perform.

Restatement (Second) of Contracts § 347 (1981). Thus, the *Andrew* court found that "[u]nder § 347(b), [an insured] . . . is entitled to consequential damages for [an insurer's] breach of the duty to defend." *Andrew*, 2015 WL 5691254, at *3. "Consequential losses are those damages that 'aris[e] naturally, or were reasonably contemplated by both parties at the time they made the contract.'" *Id.* (alteration in original) (quoting *Hornwood* v. *Smith's Food King No. 1*, 772 P.2d 1284, 1286 (Nev. 1989)).

*Andrew* then concluded: "When the insurer breaches the duty to defend, a default judgment is a reasonably foreseeable result because, in the ordinary course, when an insurer refuses to defend its insured, a probable result is that the insured will default." *Id.* (citing *Hamlin Inc.* v. *Hartford Accident & Indem. Co.*, 86 F.3d 93, 94 (7th Cir. 1996)). Accordingly, "if the default judgment was a reasonably foreseeable consequence of [the insurer's] breach, then [the insurer] is liable for the entire amount of the default judgment as

consequential damages resulting from the breach of its duty to defend, regardless of the policy limits." *Id.* at *5. Thus, *Andrew*'s interpretation of Nevada law is directly contrary to the interpretation rendered by the district court in this case.

## V. Conclusion

It appears to this court that there is no controlling precedent of the Nevada Supreme Court or the Nevada Court of Appeals with regard to the issue of Nevada law raised by this case. We thus request the Nevada Supreme Court accept and decide the certified question. "The written opinion of the [Nevada] Supreme Court stating the law governing the question[] certified . . . shall be res judicata as to the parties." Nev. R. App. P. 5(h).

The clerk of this court shall forward a copy of this order, under official seal, to the Nevada Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court.

**IT IS SO ORDERED.**

Respectfully submitted, Alex Kozinski, John T. Noonan, Jr. and Diarmuid F. O'Scannlain, Circuit Judges.

—————————————
Alex Kozinski
Circuit Judge