# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE HOLDERS OF
THE CERTIFICATES, FIRST HORIZON
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES FHAMS 2006-
AA7, BY FIRST HORIZON HOME
LOANS, A DIVISION OF FIRST
TENNESSEE BANK NATIONAL
ASSOCIATION, MASTER SERVICER,
IN ITS CAPACITY AS AGENT FOR
THE TRUSTEE UNDER THE POOLING
AND SERVICING AGREEMENT,
Appellant,
vs.
KIRK A. JOHNSON; AND GINA L.
JOHNSON,
Respondents.

No. 71824



FILED

APR 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court judgment dismissing consolidated foreclosure and deficiency actions. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Respondents Kirk and Gina Johnson purchased investment properties in Gardnerville in 2006. The Johnsons signed notes and deeds of trust and defaulted on the notes in 2011. Appellant Bank of New York Mellon (BNYM) filed foreclosure and deficiency actions against the Johnsons in January 2014, which were later consolidated.

In the initial settlement discussions, BNYM granted the Johnsons an open extension of time in which to answer, and the Johnsons asked if BNYM would accept deeds in lieu of foreclosure. By April 2014,

18-15981

BNYM was amenable to inspecting the properties to confirm their condition and value, but no inspection occurred. In the summer of 2014, BNYM placed locks and no trespassing signs on the properties. BNYM later advised the Johnsons that it would send them settlement documents, but none were sent. BNYM moved for summary judgment in September 2015, but withdrew the motions after the Johnsons pointed out inconsistencies in the motions and sent BNYM an offer of judgment. BNYM allowed the offer to expire and did not communicate with the Johnsons afterward.

In March 2016, the Johnsons moved to dismiss the actions under NRCP 41(e) for lack of prosecution after two years. The district court dismissed the actions with prejudice, finding that BNYM's excuse for its delays were inadequate and that inferences may be made that the Johnsons were prejudiced and that BNYM's actions lacked merit. BNYM appealed.

*The district court did not abuse its discretion when dismissing the actions*

BNYM argues that the district court erred in dismissing its complaint because the district court's findings of fact were not supported by substantial evidence and the district court improperly presumed that the Johnsons were prejudiced when there was no actual prejudice.

In a two-year NRCP 41(e) motion, a district court must consider the plaintiff's delay in prosecution and the prejudice to the defendant caused by the delay. *Erickson v. One Thirty-Three, Inc.*, 104 Nev. 755, 758, 766 P.2d 898, 900 (1988). Where the plaintiff does not set forth any excuse, or sets forth an inadequate excuse for the delay in prosecution, then prejudice to the defendant is presumed. *Id.*

Here, BNYM delayed for over two years, from January 2014 to March 2016, never requiring the Johnsons to file answers and making a token effort to prosecute the actions by filing summary judgment motions. While BNYM asserts that it was engaged in ongoing settlement discussions,

the record demonstrates that most of the Johnsons' inquiries were met with silence. BNYM's argument that federal and state law mandated negotiations regarding foreclosure alternatives is unpersuasive because the law that it cites refers to owner-occupied housing, not investment properties as in this case. *See* 12 CFR §§ 1024.30(c)(2), 1024.41(g); NRS 107.530. To the extent that BNYM relies on industry best practices and its loss-mitigation hold in the absence of federal or state law, industry best practices or internal procedures do not operate to excuse a delay in prosecuting a civil action. Finally, while BNYM references federal litigation in *Kizer v. PTP, Inc.*, Case No. 3:15–cv–00120–RCJ (D. Nev. 2015), which may impact the parties' rights, the existence of the litigation itself does not excuse the delay because the *Kiser* action was filed one year after these actions were filed and the parties in the *Kiser* action are unrelated to the parties in these actions.

Accordingly, we conclude that substantial evidence supports the district court's findings that BNYM delayed prosecution and that its excuses for the delay were inadequate. Accordingly, the district court did not abuse its discretion in presuming prejudice to the Johnsons and dismissing the actions. *Erickson*, 104 Nev. at 758, 766 P.2d at 900; *Von Zehner v. Truck Ins. Exch.*, 99 Nev. 152, 156, 659 P.2d 879, 882 (1983).

*The district court abused its discretion when dismissing the actions with prejudice*

BNYM next argues that the district court did not adequately consider the *Hunter v. Gang*, 132 Nev., Adv. Op. 22, 377 P.3d 448, 456 (Ct. App. 2016), factors when dismissing the actions with prejudice. The parties assume that the *Hunter* factors control this inquiry, and in other cases this court has examined those factors to determine whether dismissal with prejudice was appropriate. *See Monroe v. Columbia Sunrise Hosp. & Med.*

Supreme Court
of
Nevada

(O) 1947A

3

*Ctr.*, 123 Nev. 96, 103, 158 P.3d 1008, 1012 (2007) (setting forth the same factors in the five-year rule context). The factors to consider are: "the underlying conduct of the parties, whether the plaintiff offers adequate excuse for the delay, whether the plaintiff's case lacks merit, and whether any subsequent action following dismissal would not be barred by the applicable statute of limitations." *Id.* (footnote omitted).

As discussed above, substantial evidence supports the district court's findings that BNYM delayed prosecuting the actions and that its excuse was inadequate. While an inadequate excuse for delay may give rise to an inference that the case lacks merit, *Erickson*, 104 Nev. at 758, 766 P.2d at 900, an inference may be rebutted. Here, while the Johnsons have not yet answered, they set forth as fact in their briefing that the Johnsons obtained the loans at issue and defaulted on those loans. Given this, BNYM's foreclosure actions have some merit. ~~Finally, BNYM attached to its complaints letters dated March 6, 2013, purporting to accelerate the debt, meaning that the six-year statute of limitation in NRS 11.190(1)(b) would not expire until March 6, 2019, at the earliest, on the accelerated portion of the debt.~~ *(REPLACED PER 06/22/18 ORDER.) FINALLY, THE RECORD DEMONSTRATES THAT THE STATUTE OF LIMITATIONS HAD NOT EXPIRED WHEN THE DISTRICT COURT ENTERED ITS ORDER.*

Accordingly, while the first two factors favor the Johnsons, the second two factors favor BNYM. Given that the law favors "the disposition of cases on their merits," *Moore v. Cherry*, 90 Nev. 390, 393, 528 P.2d 1018, 1021 (1974), we conclude that the district court abused its discretion in dismissing the actions with prejudice.

Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court to enter a judgment of dismissal without prejudice.[1]

_____ , J.
Pickering

_____ , J.
Gibbons

cc:    Hon. Thomas W. Gregory, District Judge
Jill I. Greiner, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Kelly R. Chase
Douglas County Clerk

---

[1]We have considered BNYM's other arguments and conclude that they lack merit.

HARDESTY, J., dissenting, in part:

While I agree with the majority that the district court did not abuse its discretion when dismissing the actions, I would affirm the district court's decision to dismiss the matter with prejudice.

The majority is correct that substantial evidence supports the district court's findings that BNYM delayed prosecuting the actions and that its excuse was inadequate. However, an inadequate excuse for delay also gives rise to an inference that the case lacks merit. *Erickson v. One Thirty-Three, Inc.*, 104 Nev. 755, 758, 766 P.2d 898, 900 (1988) ("When no adequate excuse is offered for a lengthy delay, injury to the defendant is presumed, and the court may infer that the case lacks merit."). Here, the district court found that it was ill-suited to analyze the merits of the parties' claims as "all that [BNYM] [had] accomplished in over two years was the filing of an unverified *Complaint*." That complaint was insufficient to overcome the inference caused by BNYM's unexcused and lengthy delay which stymied potential resolution and may have prevented the Johnsons from entering the premises to mitigate loss. As such, the district court did not abuse its discretion by applying a presumption that the case lacked merit due to the conduct of the parties and an inadequate excuse for delay. This is true despite the Johnsons' acknowledgement that they had defaulted on their notes. Finally, the record indicates neither party presented argument regarding the statute of limitations under NRS 11.190(1)(b). Thus, the district court did not abuse its discretion by declining to consider that factor, despite evidence that, due to an acceleration agreement, the claim may be ripe until 2019.

Accordingly, having determined that the district court properly considered the *Hunter* factors and that substantial evidence from the record

supports the district court findings, I would hold that the district court did not abuse its discretion by dismissing this matter with prejudice under NRCP 41(e). *See Hunter v. Gang*, 132 Nev., Adv. Op. 22, 377 P.3d 448, 456 (Ct. App. 2016).

_____, J.
Hardesty